IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>LINDA WESTON | CRIMINAL ACTION NO. 13-25-01 |

**MEMORANDUM OPINION**

**Rufe, J.** **October 7, 2026**

Defendant Linda Weston has filed a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines; a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A); and a Motion to Appoint Counsel pursuant to 18 U.S.C. § 3006A. The government opposes the motions for sentence reduction and compassionate release. After carefully reviewing the parties' submissions and the available record, and for the reasons stated below, the Court will deny each of the motions.

## I. BACKGROUND

Weston and four other individuals were arrested by Philadelphia police in 2011 and named in a federal indictment in 2013 in connection with a decade-long criminal conspiracy to defraud Social Security by stealing benefits from persons with mental and physical disabilities. From approximately 2001 through October 2011, Weston and her co-conspirators lured victims into houses that Weston rented in Pennsylvania, Texas, Virginia, and Florida and imprisoned them. There, the victims, which included children born into this captivity, were confined in inhumane conditions, beaten, forced into prostitution, and forcibly moved from place to place so that Weston could steal their disability benefits checks. Two of the adult victims died as a result of this abuse.

Weston pleaded guilty to all 196 counts of the indictment, which included two counts of murder in aid of racketeering and numerous counts of sex trafficking, forced human labor, commission of a hate crime, kidnapping, involuntary servitude, commission of a violent crime in aid of racketeering, use of a firearm in furtherance of a violent crime, theft from the government, false statements, mail and wire fraud, and conspiracy charges. The record showed that Weston and her co-defendants intentionally selected her victims due to mental and physical disabilities and then deprived them of basic human needs and freedoms. Weston, as the charged ringleader, faced the possibility of the death penalty. The Court accepted the plea agreement's terms of sentence imposed as follows:

> Concurrent terms of life imprisonment on counts 1, 7, 8, 9, 10, 11, 15, 16 through 19, 21, 22, 24, 25, 26, 28, 30, 33, 34 and 196; 3 years on each of counts 12, 13, 20, 23, 29, and 35; 5 years on each of counts 2, 44 through 51, and 195; 10 years on each of counts 3 through 6 and 38 through 43; and 20 years on each of counts 14, 27, and 52 through 194; consecutive terms of 5 years on count 31 and 25 years on each of counts 32, 36, and 37; for a total term of life plus 80 years.

Weston later sought post-conviction relief pursuant to 28 U.S.C. § 2255, arguing that she had been pressured by her counsel to plead guilty. The Court denied the motion after a full hearing, and the Court of Appeals declined to issue a certificate of appealability. In 2020, Weston sought compassionate release based on her medical condition and the COVID-19 pandemic. The Court denied the motion, finding that she did not present a qualifying medical condition, and added that relief was not warranted in any event upon consideration of the sentencing factors a court must consider in reviewing a motion for compassionate release.

Weston's instant motion seeks compassionate release on the basis that she suffers a serious physical or medical condition, serious functional or cognitive impairment, or deterioration in physical or mental health because of the aging process that substantially diminishes her ability to provide self-care within the environment of a correctional facility, and

is not expected to recover from the condition. Weston also seeks compassionate release on the basis that she is 65 years or older, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years of her term of imprisonment.[1]

Separately, Weston seeks a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2) in consideration of Amendment 821 to the Federal Sentencing Guidelines. Weston claims that the added § 4C1.1, allowing for an adjustment for certain zero-point offenders, and § 4A1.1(e), determining the criminal history category for those who committed an offense while under a criminal justice sentence, apply to her and warrant a reduction of her sentence. Finally, Weston seeks appointment of counsel under 18 U.S.C. § 3006A.

## II. LEGAL STANDARD

"A 'court may not modify a term of imprisonment once it has been imposed' unless 'expressly permitted by statute.'"[2] One statute that permits such modifications is 18 U.S.C. § 3582(c)(1)(A), which, as amended by the First Step Act of 2018, allows a court to consider a defendant's own motion for sentence reduction if the Bureau of Prisons declines or takes no action on the defendant's request to have a motion brought on her behalf.[3] Upon consideration of such a motion, the court may reduce a sentence only if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with

[1] Weston's Motion for Compassionate Release, and a portion of the government's response thereto, was filed under seal. The motion contained not only extensive detail regarding Weston's medical conditions and history, but also disparaging and disturbing depictions of the victims of her crimes. The Defendant's medical records and victims' privacy interests outweighed the public interest in access to all judicial materials in this case.

[2] *United States v. Brow*, 62 F.4th 114, 118 (3d Cir. 2023) (quoting 18 U.S.C. § 3582(c)).

[3] 18 U.S.C. § 3582(1)(A). The government does not contest that Weston has satisfied the exhaustion requirement of § 3582(1)(A).

applicable policy statements issued by the Sentencing Commission."[4] The court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable.[5] The defendant bears the burden of showing that relief is warranted.[6]

18 U.S.C. § 3582(c)(2) likewise allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[7] Again, such a reduction must be consistent with applicable Sentencing Commission policy statements and in consideration of the § 3553(a) factors.[8]

## III. Discussion

### A. Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)

Weston has not met her burden of showing that "extraordinary and compelling reasons" warrant a reduction of her sentence. The medical records of Weston, who is now 66 years old,

---

[4] 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission's applicable policy statement is contained in USSG § 1B1.13.

[5] *Id.* Those factors are: !

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established . . .
> (5) any pertinent policy statement . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

[6] *See United States v. Fields*, 569 F. Supp. 3d 231, 235 (E.D. Pa. 2021).

[7] 18 U.S.C. § 3582(c)(2).

[8] *Id.*

show that she has been treated for multiple mental and physical health issues, including schizophrenia, an epilepsy disorder, arthropathy, hypertension, hypothyroidism, and sleep apnea. However, Weston does not point to any specific serious physical or medical condition or functional or cognitive impairment from which she is not expected to recover and which substantially diminishes her ability to provide self-care within the environment of a correctional facility.[9] Nor does she show that any deteriorating physical or mental health is because of the aging process.[10] In support of her motion, Weston provides an 83-page letter that does not focus on why her physical and mental ailments warrant reduction of her sentence, but instead denies responsibility for the underlying offenses.

Even if there were extraordinary and compelling reasons for Weston's release, consideration of the § 3553(a) factors and Sentencing Commission policy statements precludes the Court from granting the motion. When considering the § 3553(a) factors during its review of Weston's 2020 motion for compassionate release, the Court stated:

> Granting release would create unwarranted sentencing disparities between Weston and her co-Defendants who had less culpability but are still serving lengthy sentences, and would diminish the extremely serious nature and circumstances of Weston's offenses. . . . Weston denied her victims even the most basic level of human dignity or autonomy, and she did it for the purpose of gaining access to their Social Security payments. Two people died while subjected to conditions and treatment that truly shock the conscience. The depraved nature of these crimes compelled the Court's sentence in 2015, and nothing that has happened since provides cause to depart from it.[11]

The same can be said today. As was true in 2020, nothing has happened since Weston's sentencing that would compel the Court to reconsider its original sentencing. Instead, continued

---

[9] *See* USSG § 1B1.13(b)(1)(B) (defining "extraordinary and compelling reasons" based on medical circumstances of the defendant).

[10] *See id.* § 1B1.13(b)(1)(B), (2).

[11] Doc. No. 519 at 4.

correspondence to the Court from Weston shows that she still seeks to deflect responsibility for her crimes.[12]

Furthermore, compassionate release would not be consistent with the applicable Sentencing Commission policy statements, which require the Court to determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."[13] The factors for the Court to consider under § 3142(g) include "the nature and circumstances of the offense charged . . . the weight of evidence against the person . . . the history and characteristics of the person . . . [and] the nature and seriousness of the danger to any person or the community that would be posed by the person's release."[14] As the Court said in denying Weston's 2020 motion for compassionate release:

> The Court is firmly convinced that Weston would be a danger to the community if released. Weston has shown herself to be a person skilled at manipulating and coercing people in the service of causing pain and misery for her own financial gain. Family members number among both her confederates and her victims, further demonstrating that Weston poses a potential danger to anyone who comes within her orbit.[15]

Again, the Court has no cause to doubt that the same remains true today. The crimes for which Weston was convicted represent a level of criminality rarely documented in court, and the monstrous abuse she inflicted on her victims is appalling even these many years later. Instead of attempting to atone for her crimes, Weston continues to deflect responsibility for, and diminish the depravity of, her actions. The Court remains convinced that Weston's sentence is necessary

---

[12] *See, e.g.*, Doc. Nos. 526, 546, 595, 616, 621, 625.

[13] USSG § 1B1.13.

[14] 18 U.S.C. § 3142(g). The "history and characteristics of the person" include "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." *Id.* § 3142(g)(3)(A).

[15] Doc. No. 519 at 4.

both to sanction her for her crimes and to protect the public, and that granting compassionate release would "constitute an insupportable miscarriage of justice."[16]

**B. Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines**

Weston also moves for a reduction to her sentence pursuant to a Federal Sentencing Guidelines amendment enacted after she was sentenced, which she claims would have lowered her sentencing range and thus allows the Court to now reduce her sentence under 18 U.S.C. § 3582(c)(2).

In 2023, the Sentencing Commission made effective Amendment 821 to the Sentencing Guidelines. Section 4A1.1 of the Guidelines was amended to reduce the number of sentencing points added for "committing the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."[17] Section 4C1.1, which provides for a downward adjustment for "certain zero-point offenders," was also added to the guidelines.[18]

Neither amended provision applies to Weston. She did not commit the instant offenses while under any criminal justice sentence, and thus received no "status" points on that basis. And she is not a "zero-point offender" covered by § 4C1.1 because she was assessed four criminal history points at the time of her sentencing: three for a third-degree murder and one for possession of marijuana.[19] Therefore, the motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) will be denied. Because § 3582(c)(2) does not apply to Weston in the first instance, the Court need not repeat its opinion that a reduction of her sentence would be irreconcilable

---

[16] *Id.*

[17] USSG Amend. 821; § 4A1.1(e).

[18] USSG Amend. 821; § 4C1.1.

[19] *See* USSG § 4C1.1(a)(1).

with any consideration of the § 3553(a) sentencing factors and Sentencing Commission policy statements.

### C. Motion to Appoint Counsel

A defendant has neither a constitutional nor statutory right to appointment of counsel when seeking relief under § 3582.[20] The Court's authority to appoint counsel is discretionary and involves an evaluation of the issues involved in the motion for relief on a case-by-case basis.[21] The Court must first determine, "as a threshold matter," whether Weston's claim "has some merit in fact and law."[22] Only if so established does the Court consider:

> 1. the plaintiff's ability to present his or her own case; 2. the difficulty of the particular legal issues; 3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; 4. the plaintiff's capacity to retain counsel on his or her own behalf; 5. the extent to which a case is likely to turn on credibility determinations, and; 6. whether the case will require testimony from expert witnesses.[23]

As recounted above, Weston has not shown that her claims contain sufficient "merit in fact and law." Her Motions do not present a factual basis for a finding of extraordinary and compelling reasons meriting compassionate release, nor that any amendments to the Sentencing Guidelines apply to her. And, as discussed, relief is precluded in any event by consideration the § 3553(a) factors and Sentencing Commission policy statements. Therefore, the Court need not consider additional factors and will deny the Motion for Appointment of Counsel.[24]

---

[20] *United States v. Dorsey*, 520 F. Supp. 3d 681, 683 (E.D. Pa. 2021); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (holding that a defendant's constitutional right to counsel generally "extends to the first appeal as of right and no further"); 18 U.S.C. § 3006A(a)(1) (delineating categories of defendants who are entitled to representation under the statute).

[21] *Dorsey*, 520 F. Supp. 3d at 684; *United States v. Rooks*, Nos. 21-cr-38, 21-cr-42, 2022 WL 267899, at *8 (E.D. Pa. Jan. 28, 2022).

[22] *Dorsey*, 520 F. Supp. 3d at 684 (citing *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)).

[23] *Id.* (citing *Tabron*, 6 F.3d at 155-57).

[24] *See Rooks*, 2022 WL 267899, at *8.

## IV. CONCLUSION

For the reasons stated above, each of Weston's motions will be denied. An order will be entered.